**SIGNED this 11th day of January, 2012**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re:

| | |
|---|---|
| JAMES ALBERT CLAYTON and, | No. 08-15795 |
| LINDA GAIL CLAYTON | Chapter 7 |

    Debtors;

RICHARD P. JAHN, JR., Trustee,

    Plaintiff,

v.                                                              Adversary Proceeding
                                                                No. 11-1135

JAMES ALBERT CLAYTON

    Defendant.

1

**Memorandum**

The trustee seeks a default judgment on his complaint objecting to the debtors' discharge on the basis that the debtors have "refused to obey an order of the court." He brings a claim under 11 U.S.C. § 727(d)(3), which incorporates 11 U.S.C. § 727(a)(6). The trustee admits that he has no evidence that the debtors have actual knowledge of the existence of this complaint or the motion for default ("Motion"). In fact, the return of service attached to the Motion clearly indicates that the complaint was not deliverable and that the address of the debtors was unknown. The record also reflects that the complaint was served in compliance with Fed.R.Bankr.P. 7004(b)(9). It was sent to these two individual debtors at the address shown on their schedules. No amendment to those schedules has been filed; nevertheless, the court's review of the docket sheet indicates that there is a high likelihood that the address used has not been the debtors' address for years. The debtors surrendered the property to which the complaint was sent in January of 2009 to the secured creditor. *See* [Bankr. Case No. 08-15795, Doc. No. 47, Order Granting Motion for Abandonment and Relief from the Automatic Stay Provisions of the Bankruptcy Code].

This court has discretion to deny the trustee's motion for default judgment. In exercising such discretion, the court may review the merits of the trustee's complaint. The merits of the complaint present an issue to the court of whether a discharge can be denied for failure to obey a court order under Section 727(d)(3) and Section 727(a)(6)(A) when there is little evidence that the debtors had knowledge of the order which was violated. The court has determined to exercise its discretion to DENY the trustee's Motion due to the lack of actual notice of the trustee's complaint provided to the debtors and due to the court's concerns with the trustee's ability to demonstrate the merits of his claim.

**I.    Background Facts**

The debtors filed a chapter 7 case on December 27, 2008. [Bankr. Case No. 08-15795, Doc. No. 1]. Their schedules reflect that they reside at 1005 Mobley Road. Mr. Jahn, the duly

appointed chapter 7 trustee, alleges that at the 341 meeting, he had determined that "there may be a valuable asset in their estate that would be available for creditors, and he desired to question the Debtors about this." [Doc. No. 1, Complaint at p. 2].[1] In his brief in support of his Motion, he recites that he learned that the debtors had a contingent interest in property owned by one of their mothers located at 1003 Mobley Road. Neither the deed nor the transcript testimony from the 341 meeting regarding this transfer was included in support of the Motion.

The case converted to a Chapter 13 over the objection of Mr. Jahn. See [Bankr. Case No. 08-15795, Doc. Nos. 43, 51]. The debtors obtained confirmation of a chapter 13 plan on February 27, 2009. *See id.* at Doc. No. 59. The debtors scheduled one secured debt secured by the 1005 Mobley Road Property, and unsecured debts of $6,964.37. [Bankr. Case No. 08-15795, Doc. No. 1, pp. 17, 22, 24-27; Schedules A, D and F; Doc. No. 18, Amended Schedule F]. There were unsecured claims filed totaling $14,756.84. The mortgage holder was granted relief from the stay on January 12, 2009, and the debtors proposed surrender of the 1005 Mobley Road Property in their confirmed plan. *See* [Bankr. Case No. 08-15795, Doc. Nos. 47, 59]. The mortgage creditor did not file a deficiency claim.

The debtors appear to have made payments on their plan for approximately two years. In March of 2011, the Chapter 13 trustee moved to have the case reconverted to a chapter 7 for failure to make payments. [Bankr. Case No. 08-15795, Doc. No. 69]. The case was reconverted on March 28, 2011. Mr. Jahn was reappointed and scheduled a new meeting of creditors for May 27, 2011. The debtors failed to appear, and their attorney represented to Mr. Jahn at that time that the debtors had contacted his office and said that they did not have gas money to drive to Chattanooga. The 341 meeting was rescheduled several times. *See* [Bankr. Case No. 08-15795, Doc. Nos. 71, 73, 74, 76]. There was no evidence of any other contact between the debtors and Mr. Jahn or their attorney after May of 2011. Their attorney appeared at the hearing on the Motion and represented that he was no longer able to reach them, and that he had not

---

[1] All docket numbers refer to Adversary Proceeding No. 11-1135, unless otherwise noted.

3

been retained to represent them in the defense of the discharge complaint. Mr. Bible's representation specifically excluded "representation of the debtors in any dischargeability actions . . . or other adversary proceeding." [Bankr. Case. No. 08-15795, Doc. No. 4]. He has not filed a motion to withdraw from the representation in the bankruptcy case.

When the debtors repeatedly failed to appear for a meeting of creditors, Mr. Jahn filed a motion to have the court issue an order compelling the debtors to appear at a meeting of creditors. [Bankr. Case No. 08-15795, Doc. No. 78].The court granted that motion on August 18, 2011, and an order was entered that day ordering the debtors to appear at a meeting on August 26, 2011. [Bankr. Case No. 08-15795, Doc. No. 83].The order was sent to the 1005 Mobley Road address. The debtors failed to appear. The BNC Certificate shows that the address for the debtor was an address to which the United States Postal Service was no longer delivering. *Id.* at [Doc. No. 85]. Despite this notation, it does not appear that the mail was returned.

When the debtors failed to appear in compliance with the order, Mr. Jahn filed this adversary proceeding seeking to deny the debtors a discharge for refusing to obey a court order pursuant to Sections 727(d)(3) and 727(a)(6)(A). The return of service on the complaint indicates that the complaint was returned with a notation that the address of the debtors was unknown.

**II.    Analysis**

The court must first determine whether the debtors have been served so that the court has jurisdiction to enter a default. *In re Saucier,* 366 B.R. 780, 783 (Bankr. N.D. Ohio 2007). Then the court must review the facts to determine whether a judgment is appropriate. In addition, "a party is not entitled to a judgment by default simply because no answer or appearance is entered by the opposing party. A court, instead, has discretion whether to enter a judgment by default and, if entered, whether to award damages to the moving party." *Id.* (citation omitted). A court may consider several factors when exercising its discretion such as "the merits of the plaintiff's substantive claim" and "the possibility of prejudice to the plaintiff." *Id.*

4

Federal Rule of Bankruptcy Procedure 7004(b)(9) provides that service may be made "[u]pon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." In this case, the last address shown on the petition is 1005 Mobley Road; however, the record also indicates that the debtors surrendered this residence in 2009, and the mortgage holder obtained relief from the stay. [Bankr. Case No. 08-15795, Doc. No. 47, Order Granting Relief entered January 12, 2009].

The complaint was also sent to the debtor's attorney in the main case; however, Mr. Bible never appeared in the adversary proceeding and stated at the hearing that he was not retained to defend the discharge complaint and has lost contact with the debtors. Although supplemental service is required on the debtors' attorney in Fed. R. Bankr. P. 7004(g), that service does not substitute for service on the debtor of the Complaint.

The trustee contends that his service of the debtors at the last listed address is sufficient. The court agrees. The case law allows service by mail even to the wrong address to be sufficient if the address used is the last one listed by the debtor in a filed writing. *See e.g. Cossio v. Cate (In re Cossio)*, 163 B.R. 150 (B.A.P. 9th Cir. 1994); *Creditors Committee of Park Nursing Center, Inc. v. Samuels* (*In re Park Nursing Center, Inc.*), 766 F.2d 261, 263-64 (6th Cir. 1985) (finding that bankruptcy system of service by mail is constitutional under Rule 704, the predecessor to Rule 7004). Thus, the trustee has complied with service of process rules under Fed.R.Bankr.P. 7004(b)(9). To the extent that the address listed is no longer valid, that invalidity is the direct result of the debtors' or their counsel's failure to update the address.

Therefore, the court will look to the merits of the complaint. Here, the one disqualifying act alleged by the trustee is that the debtors have refused to obey an order of this court by not attending the 341 meeting in the reconverted case. He seeks a denial of discharge pursuant to 11 U.S.C. § 727(d)(3). [Doc. No. 1]. That provision allows a court to deny a discharge where a

5

debtor has "refused" "to obey any lawful order of the court." See 11 U.S.C. § 727(d)(3); 11 U.S.C. § 727(a)(6)(A).

Rather than seeking a dismissal of the main bankruptcy case, the trustee chose to obtain a specific order compelling attendance at a meeting of creditors. The debtors' attorney admitted that the debtors knew about the first meeting for the reconverted chapter 7 case, but could not appear because they claimed that they did not have sufficient funds to buy gas to attend. The order compelling their attendance was also sent to the 1005 Mobley address and the record shows it was not delivered. For failure to comply with the order which is reflected as nondeliverable, the trustee seeks disallowance of the debtors' discharge. There is no recovery action pending to obtain the "valuable interest of the estate" that the trustee may have discovered at the first meeting of creditors which the debtors did attend in 2008. Since the trustee relies solely on noncompliance with the court's order as the basis for his objection, he must, at a minimum, meet the same criteria that a movant must meet to prove contempt. See *Yoppolo v. Freeman (In re Freeman),* 293 B.R.413, 415 (Bankr. N.D. Ohio 2002); see also, *Roberts v. Payne (In re Payne)*, No. 09-3172, 2010 WL 1856514, at *3-4 (Bankr. E.D. Tenn. May 10, 2010). In *In re Freeman* the bankruptcy court found that

> [a]s used in section 727(a)(6)(A), however, the word 'refused' must be distinguished from the word 'failed' which is used elsewhere in § 727(a), the former presupposing at least some knowledge on the part of the debtor. In this regard, this Court, as well as others, has held that a debtor will be found to have 'refused' to obey a court order under § 727(a)(6)(A) when the debtor's inaction would give rise to a charge of civil contempt.

*Id.*

Therefore, in order to find merit to the trustee's Section 727(a)(6)(A) claim, the court must first find that the debtors had knowledge of the order. There has been no showing that the debtors were aware of the motion to compel attendance or the subsequent order. While there is law that notice to the debtors' counsel is sufficient notice to the debtors, the court has before it the statements of the debtors' counsel that he ceased being able to reach the debtors prior to

6

the filing of the motion for an order compelling the debtors to attend the meeting. There are limitations on imputing the knowledge of the attorney to the debtors. *See e.g., WebMD Pratice Services, Inc. v. Sedlacek,( In re Sedlacek)*, 325 B.R. 202, 214-15 (Bankr. E.D.Tenn. 2005).

A majority of courts requires that the trustee must also show that the failure to act was willful or, in the alternative, that the debtors failed to use due diligence in seeking to comply with the court's order. *See e.g., In re Payne*, 2010 WL 1856514, at *3-4 (describing majority and minority views pertaining to need to demonstrate willfulness or at least lack of due diligence as element of Section 727(a)(6)(A) claim). The only communication from the debtors regarding the one meeting they were aware of was that they wanted to attend but could not afford to. There is no evidence of knowledge and willful disregard or complete lack of due diligence to justify denial of discharge at this time.

In considering whether to enter the default judgment, the court must also look to the prejudice to the defendants. In this case a failure to update the address could result in a denial of discharge if the trustee's motion is granted. In a case in which a trustee sought revocation of a discharge, a court found that the failure to file a notice of change of address would not "warrant the extreme sanction of revocation of a debtor's discharge for failure to file a notice of change of address, particularly absent any showing of fraud or bad faith." *Mason v. Meador (In re Meador)*, No. 08-6033, 2008 WL 2812157, at *4 (Bankr. N.D.Ohio 2008). The court finds that the failure of the debtors to update their address does not warrant the extreme denial of a discharge without proof of the merits of the underlying case or clear and convincing evidence that the debtors are engaging in fraudulent conduct. The trustee's allegation about a valuable interest of the estate is speculative and is not pled with any degree of particularity. No supporting evidence was provided in his motion for default. The court also notes that the debtors performed in their chapter 13 plan for approximately two years. The record does not contain evidence of what circumstances prompted the debtors' failure to continue making plan payments.

7

Upon reviewing the merits of the trustee's action, the court concludes that the trustee cannot sustain his burden of showing that debtors violated an order of this court of which they had knowledge and which violation was either willful or as a result of a lack of due diligence based on the record in this case. He must demonstrate these elements to obtain a denial of the debtors' discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). This court will thus use its discretion to deny the trustee's Motion due to (1) the prejudice to the debtors of a denial of a discharge; (2) the strong likelihood that the debtors have no knowledge of the pending adversary proceeding and Motion; and (3) the court's additional concerns with the trustee's ability to prove the merits of his claim. Therefore, the Motion will be denied without prejudice and the trustee may renew his motion if he has additional evidence with which to meet his burden to show the merits of his case.

### III.   Conclusion

For the reasons stated *supra*, the court will DENY the trustee's Motion. A separate order will enter.

# # #